## UNITED STATES v. ARNHOLT & SCHAEFER BREWING CO.

(District Court, E. D. Pennsylvania. November 19, 1924.)

### No. 126.

Intoxicating liquors ⬤⟿250.

Explanation that employees mistakenly loaded illicit beer on freight car after expiration of employer's permit *held* insufficient to preclude conclusion that beer was intended to be sold for use as a beverage.

Forfeiture libel. Proceeding by the United States against the Arnholt & Schaefer Brewing Company. Decree for the United States.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Golder & Felger, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. There were a number of cases, all against brewers of malt or brewed liquors and all of the same general type, the trials of which were held successively, and which differed only in the testimony and other evidence offered, or, in addition, in what may be called the permit status of the respondents. These cases may in consequence be disposed of in one opinion, dealing with the general features common to all, and restricting the opinion in each individual case to the special fact features of that case. A classification, which is sufficiently full for all present purposes, divides them into the following classes:

(1) Breweries in which there were upon the premises malt or brewed liquors, or so-called cereal beverages, of an alcoholic content in volume percentage exceeding one-half of 1 per cent., but no other evidence of possession for the purposes of a sale of illicit liquors.

(2) Cases in which there was evidence bearing upon the purpose to make unlawful sales.

(3) Cases of the second class, in which the evidentiary facts may be found to indicate a guilty purpose, but are likewise consistent with an innocent purpose, in the sense that the evidence does not specifically negative a possible exculpating explanation.

(4) Cases in which the evidentiary facts are not merely inculpating in themselves, but also expressly negative all exculpating explanations which the facts themselves suggest might be present.

(5) Breweries holding permits.

(6) Breweries without permits.

The respondent held a dealcoholizing permit, which expired March 22, 1924, when application for its renewal was denied. The two evidentiary dates are February and April, 1924. This brings this respondent within both classes 5 and 6, and we make the finding that it is also in class 2.

The fact finding made is that the respondent, in February, 1924, and in April of the same year, had and possessed liquor, to wit, beer of an alcoholic content per volume exceeding 3 per cent., which was intended for use in violation of the National Prohibition Law (Comp. St. § 10138¼ et seq.), and also had and possessed property (to be hereafter described and listed) designed for the manufacture of liquor intended for the like unlawful use.

The conclusion of law reached is that the libelant is entitled to a judgment or decree, with costs against the respondent.

### Discussion.

There is no denial of the possession of illicit beer in April, 1924, when no permit for its possession existed. Doubtless no libel proceedings would have been instituted for this cause, had it not been for the transactions of the previous February. Contraband beer had been and was being loaded upon a freight car for shipment. No mind could be stopped from drawing the conclusion that it was intended to be sold to be used as a beverage, otherwise than by the interposition of some explanation which would carry with it a denial of the guilty purpose. The explanation is that employees mistook an order to tap tank 7 for an order to tap tank 17. This mistake happened to occur just before the visit of the officers of the law, and the mistake was discovered so shortly before that there had not been time to correct it. Any person thus situated must appreciate that he assumes a heavy burden of proof in the effort to convince any disinterested mind of the verity of the explanation. We can only give our state of mind after carefully weighing all the evidence, which is that we are unconvinced.

The parties have leave to submit drafts of a formal decree in accordance with this opinion, with a further finding of what liquors and property are contraband, and jurisdiction of the cause is retained for the purpose of the entry of such decree.